BPS-309                                                              NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2391
_____

UNITED STATES OF AMERICA

v.

JASON J. SMITH,

Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 95-cr-00002-1E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 14, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  July 29, 2005)
_____

OPINION
_____

PER CURIAM

Appellant, Jason J. Smith, appeals from the order of the District Court for the

Western District of Pennsylvania granting the Government's motion to destroy certain

evidence and denying Smith's motion for return of property.

Smith was convicted in 1995 of multiple federal drug charges and acquitted of federal firearms charges arising out of a criminal investigation by the Millcreek Police Department. During the course of the investigation, the Millcreek Police seized over 200 assorted items from Smith, including firearms and ammunition, syringes and needles, and a host of illegal drugs, as well as innocuous items such as an ivory laundry basket and Avon lip dew. The Government did not pursue criminal forfeiture of the firearms and ammunition pursuant to 18 U.S.C. §§ 924(d)(1) and 3665.

How the list of seized items set for destruction or release was winnowed down to the items enumerated in the District Court's April 5, 2005, order is well known to the parties, and thus we need only summarize here. Stateside, upon the Commonwealth's agreement, the Pennsylvania Common Pleas Court granted the release of 78 innocuous items to Smith's wife. However, the state court denied the Commonwealth's motion to destroy the remaining items for lack of jurisdiction because of Smith's federal conviction. The parties then proceeded to federal court, seeking to resolve the disposition of the remaining property. The Government moved for destruction of the evidence under the All Writs Act, 28 U.S.C. § 1651(a), while Smith pressed for its return pursuant to Federal Rule of Criminal Procedure 41(g). On February 1, 2004, upon Mr. Smith's agreement, the District Court granted the destruction of the majority of the seized evidence, leaving a handful of items to dispose of.

Smith renewed his Rule 41 motion arguing that two firearms with ammunition, magazines without ammunition, a stun gun, and a gun case be returned to his wife's custody.  Meanwhile, Smith's brother, William, sought the District Court's permission to join Smith's Rule 41 motion, claiming that certain firearms and ammunition belonged to him, namely a Fabrique Nationale De Guerre Herstal Belgique 9mm pistol and magazine, an intertech model TEC DC9 9mm pistol, and an American Arms Model NKC-MO 45 Caliber Spectra Pistol and clip.  The Government objected to the return of Smith's firearms, ammunition, and stun gun to Smith's wife because Smith's felony conviction prohibited him from constructive possession of those items.  It agreed to release the magazines to Smith provided the ammunition contained in them was destroyed.  As for the firearms and ammunition allegedly belonging to Smith's brother, the Government proposed that they resolve the disposition of the property out of court once Smith's brother provided sufficient evidence of current ownership.  The Government claimed that to the extent that Smith requested the return of property belonging to his brother, the motion should be denied for lack of standing.  The District Court agreed, ordering the destruction of the firearms, ammunition, and a stun gun belonging to Smith, and denying the return of property to Smith's brother for lack of standing.  Smith timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Smith has been granted leave to proceed IFP on appeal.  Because his appeal lacks arguable merit, we will dismiss them pursuant to § 1915(e)(2)(B)(i).  See Allah v. Seiverling, 229 F.3d 220, 223

(3d Cir. 2000).

The District Court properly concluded that Smith was not entitled to the return of the firearms, ammunition, and stun gun under Rule 41(g).  As a convicted felon, Smith cannot lawfully possess guns and ammunition nor can he request that these items be transferred to the custody of his wife.  See United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (holding that any firearm possession, actual or constructive, by a convicted felon is prohibited by law).  Smith is prohibited from possessing a stun gun under Pennsylvania law, see 18 Pa.C.S.A. § 908(c), and thus he has no legally cognizable property interest in it.  Absent any claim of lawful entitlement to possession of Smith's firearms, ammunition, and stun gun, the Government's motion to destroy the property was properly granted.  The District Court correctly ruled that Smith lacked standing to seek the return of his brother's property.  Even if the District Court had allowed Smith's brother to join Smith's Rule 41 motion, there was insufficient evidence to authorize the release of the property to him.  The record contained no affidavit or other competent evidence documenting the brother's current ownership of the firearms and ammunition in question.

For these reasons, the appeal will be dismissed.  Smith's motions for appointment of counsel and for reconsideration of the denial of his motion for costs are denied.